IN THE UNITED STATES DISTRICT COURT

<u>Steven E. Edwards</u>

_____

_____
Plaintiff/Petitioner(s).

-vs-

<u>United States District Court</u>
<u>P.O Box 2708</u>
<u>Greensboro, North Carolina 27402</u>

_____
Defendant/Respondent(s).

Docket No. _____
(To be supplied by the Clerk)

FILED
AUG 11 2011
IN THIS OFFICE
Clerk, U.S. District Court
Greensboro, N.C.
By _____

☐ CIVIL RIGHTS COMPLAINT
pursuant to 42 U.S.C. § 1983
(State Prisoner)

☐ CIVIL RIGHTS COMPLAINT
pursuant to 28 U.S.C. § 1331
(Federal Prisoner)

☒ CIVIL COMPLAINT
pursuant to the Federal Tort Claims
Act, 28 U.S.C. § 1346, 2671-2680

I. JURISDICTION

   A. Plaintiff's mailing address and/or register number and present place of confinement.
      <u>Federal Prison Camp,</u>
      <u>P.O Box 1000, Butner, North Carolina 27509</u>

   B. Defendant <u>United States District Court</u> is employed as
      (Name of First Defendant)

      _____
      (Position Title)

      with <u>United States District Court, P.O Box 2708,</u>
              (Employer's Name and Address)
      <u>Greensboro, North Carolina 27402</u>

At the time the claim(s) alleged in this complaint arose, was the defendant employed by the state, local or federal government?

Yes (X)   No ( )

If your answer is "yes" briefly explain:
<u>Federal Government</u>

-1-

C. Defendant _____ is employed as
                    (Name of Second Defendant)

_____
              (Position Title)

with _____
         (Employer's Name and Address

At the time the claim(s) alleged in this complaint arose, was the defendant employed by the state, local or federal government?

   Yes ( )          No ( )

If your answer is " yes " , briefly explain:
_____
_____
_____

D. Using the outline of the form provided, include the above information for any additional defendant(s).

_____
_____
_____
_____
_____
_____
_____
_____
_____

II. PREVIOUS LAWSUITS

   A. Have you begun any other lawsuits in state or federal court relating to your imprisonment?

       Yes ( )          No (X)

   B. If your answer to " A " is " Yes ", describe the lawsuit(s) in the space below. (If there is more than one (1) lawsuit, you must describe the additional lawsuits on another sheet of paper, using the same outline.) <u>Failure to comply with this provision may result in summary denial of your complaint.</u>

_____
_____
_____
_____
_____

1. Parties to previous lawsuits:
   Plaintiff(s) _____
   _____

   Defendant(s) _____
   _____
   _____

2. Court (if Federal Court, name the District, if State Court, name the County)
   _____

3. Docket number _____

4. Name of Judge to whom case was assigned _____

5. Type of case (for example: Was it a Habeas Corpus or Civil Rights action?)
   _____

6. Disposition of case (for example: Was the case dismissed? Was it appealed? Is it still pending?)
   _____

7. Approximate date of filing lawsuit _____

8. Approximate date of disposition _____

III. GRIEVANCE PROCEDURE

   A. Is there a prisoner grievance procedure in the institution? **N/A**

   B. Did you present the facts relating to your complaint in the prisoner grievance procedure?  Yes ( )   No ( )

   C. If your answer is " yes "
      1. What steps did you take? _____
         _____
         _____

      2. What was the result? _____
         _____
         _____

   D. If your answer is " no ", explain why not. _____
      _____
      _____

E. If there is no prisoner grievance procedure in the institution, did you complain to prison authorities?   Yes ( )   No ( )

F. If your answer is "yes"
1. What steps did you take? _____
_____
_____

2. What was the result? _____
_____
_____

G. If your answer is "no", explain why not. _____
_____
_____
_____

H. Attach copies of your request for an administrative remedy and the response(s) you received. If you cannot do so, explain why not:
_____
_____
_____

IV. STATEMENT OF CLAIM

State here, as briefly as possible, the FACTS of your case. State who, what, when, where and how you feel your constitutional rights were violated. Do not cite cases or statutes. If you choose to submit legal arguments or citations, you must do so in a separate memorandum of law. If you intend to allege a number of related claims, number and set forth each claim in a separate paragaraph. If your claims relate to prison disciplinary proceedings, <u>attach copies of the disciplinary charges and any disciplinary hearing summary as exhibits.</u>

<u>Only two (2) extra pages (8½ x 11") are permitted, if necessary, to complete your statement of claim. Additionally, attach any relevant, supporting documentation.</u>

1. According to the Supreme Court of the United States 130 S.Ct 2217, Jefferson should have been evaluated prior to his trial because of his brain damage. Jefferson was released from Prison in May of 2010. This Supreme Court of the United States ruling corrected Jefferson V. Upton case by releasing Jefferson do to his brain damage. Which definitely proves Steven E. Edwards severe brain damage that occurred on August 29, 2004 was never evaluated prior or after Steven E. Edwards Plea Agreement Settlement. This proves Government Appointed Attorney Eric Placke wasn't qualified to represent Steven E. Edwards against the District Court of Greensboro, N.C. in Steven E. Edwards brain damage and memory loss. Only one year after Steven E. Edwards severe brain damage occurred the Grand Jury Indictment was issued on July 26st, 2005. One of the reason Steven E. Edwards wasn't evaluated was because Eric Placke wasn't qualified to represent Steven E. Edwards

-4-

and enforce the District Court to have Steven E. Edwards evaluated even though Eric Placke was informed by John Burlon-Attorney and Barbara Harin-Sister in September and October 2005 that Steven E. Edwards brain damage and memory loss is definitely not in existance and Steven E. Edwards needs evaluated. This was all told to Eric Placke when Steven E. Edwards was still in jail waiting for the $50,000 Bond to be accepted. All of this information is proven in Steven E. Edwards Reply to Motion under 28 U.S.C. § 2255 that was done by John Burlon-Attorney on February 6th, 2008.

2. Eric Placke illegally answered every question or answers that Steven E. Edwards was asked or explained by Judge Osteen. The reason Eric Placke answered all the questions and explanations the Judge Osteen gave to Steven E. Edwards is because Eric Placke knew Steven E. Edwards severe brain damage caused a severe memory loss and Steven E. Edwards couldn't hear either. It has been proven that Eric Placke always shook or shaked his head up and down for a yes or a back and forth for a No. Then Steven E. Edwards would give Eric Plackes Yes or No response to the Judge Osteen. Eric Placke was definitely incompetent in Steven E. Edwards case. The reason Eric Placke was incompetent in Steven E. Edwards Court Hearings was because Eric Placke would shake his head Yes or No infront of Judge Osteens questions or explanations so Steven E. Edwards could answer the Judge Osteens questions and answers. Because Eric Placke absolutely knew Steven E. Edwards memory was definitely not in existence and Steven E. Edwards definitely couldn't hear well enough to answer Judge Osteens questions and answers.

3. Eric Placke and the District Court never provided or discussed any evidence to prove Steven E. Edwards was guilty on Counts 8, 14, 18 or 20. This is probably a reason Douglas Cannon prosecutor was terminated on June 26th, 2006.

4. Eric Placke never allowed Steven E. Edwards the right to approve or deny the Presentance Investigation Report prior or after Steven E. Edwards sentencing.

5. Eric Placke absolutely according to his own November 21st 2007 affidavid didn't allow Steven E. Edwards the right to attend Steven E. Edwards sentencing on June 26th, 2006.

6. Eric Placke told Steven E. Edwards on June 27th, 2006 if Steven E. Edwards appeals the June 26th, 2006 sentencing that was done in the District Court in Greensboro, N.C. Steven E. Edwards will receive alot larger sentencing from the District Court for appealing the District Court decisions.

- 5 -

7. All is proven in Eric Plache's November 21st, 2007 affidavit that Steven E Edwards and Eric Plache was never informed by anyone that Steven E Edwards will receive more than 30-39 months in his sentencing. That simply means Steven E Edwards sentencing was done by the District Court in Greensboro, N.C. illegally and Eric Plache should have corrected Steven E Edwards 150 Month sentencing.

8. Eric Plache should have required to the District Court that Douglas Cannon prosecutor must show proof there's evidence that proves the $4,565,477.70 that Douglas Cannon added to Count 8, because it wasn't even included in the Grand Jury Indictment or Plea Agreement Settlement. Also Eric Plache should have required Douglas Cannon to show evidence the over $7,000,000 should be included in the Presentence Investigation Report. Because this over $7,000,000 wasn't even included in the Grand Jury Indictment or Plea Agreement Settlement.

9. Eric Plache should have at least required the District Court Judge, prosecutor and probation officer they should have used the correct Code 2F1.1 for Steven E Edwards sentencing not Code 2B1.1. All of Steven E Edwards convictions happened prior to November 21st, 2001.

10. Magna Corporation and Fidelity Group Inc. that was involved with Steven E Edwards Counts 8, 14 and 18 and all involved people was cleared of any wrongful doing by the Government Bankruptcy Court. Eric Plache should have proven to the District Court according to the Government Bankruptcy Court that Steven E Edwards is innocent of any wrongful doing that involved with Magna Corporation and Fidelity Group Inc. that's described in Counts 8, 14 and 18.

11. Eric Plache also lied and promised Steven E Edwards if Steven E Edwards agrees with the Plea Agreement Settlement the District Court will only take or seize the information that's listed on page 6 and 7 in the Plea Agreement Settlement. The items Eric Plache promised Steven E Edwards and the Plea Agreement Settlement listed and was agreed upon was, 1. $2,650,879.73 proceeds derived from the criminal violations 2. 2003 Cruise Master, 3. 1995 Ford F-150 4. 2002 Continental Trailer, 5. 2003 Harley Davidson, 6. 1998 Harley Davidson. This perjury and fraud was told to Steven E Edwards on a telephone call with Eric Plache when Steven E Edwards was in Shreveport, La. just prior to Steven E Edwards Plea Agreement Settlement on February 21st, 2006. Eric Plache also told Steven E Edwards he could get one of his motorcycles back and keep it forever for agreeing to the Plea Agreement Settlement with the District Court. Do to this perjury and fraud that was done by Eric Plache and the District Court the Government owes Steven E Edwards a lot of money. This lawsuit is in excess of $10,000,000.

-6-

## V. REQUEST FOR RELIEF

State exactly what you want the Court to do for you. If you are a state or federal prisoner, and seek relief which affects the fact or duration of your imprisonment (for example: illegal detention, restoration of good time, expungement of records or parole release), you must file your claim on a Habeas Corpus form, pursuant to 28 U.S.C. §2254, 28 U.S.C. §2255, or 28 U.S.C. §2241.

Steven E. Edwards wants the District Court of Greensboro, North Carolina to release Steven E. Edwards from Prison immediately.

## VI. JURY DEMAND *(check one box below)*

The plaintiff does ☐    does not ☒    request a trial by jury. *(See Fed.R.Civ.P. 38.)*

## DECLARATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 11

I, the undersigned, certify to the best of my knowledge, information, and belief, that this complaint is in full compliance with Rule 11(a) and 11(b) of the Federal Rules of Civil Procedure. The undersigned also recognizes that failure to comply with Rule 11(a) and (b) may result in sanctions, monetary or non-monetary, pursuant to Federal Rule of Civil Procedure 11(c).

The plaintiff hereby requests the Court issue all appropriate service and/or notices to the defendant(s).

Signed this 2nd day of August, 2011.    By: Steven Eugene: Edwards
all Rights Reserved
_____
Signature of Plaintiff

_____
Signature of attorney, if any