IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| STEVEN E. EDWARDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:11CV633 |
| ) | |
| UNITED STATES DISTRICT ) | |
| COURT, ) | |
| ) | |
| Defendant(s). ) | |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Steven E. Edwards, has submitted a pro se complaint under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* (FTCA). Plaintiff names the "United States District Court" as the only defendant in the case. However, all of his factual allegations relate to alleged actions or lack of action by his former attorney, Assistant Federal Public Defender Eric Placke, during his representation of Plaintiff in a criminal case before this Court. He claims that Placke misrepresented him in many ways and that he is entitled to in excess of $10,000,000 in damages and immediate release from prison.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim

upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Pertinent to this case, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. \_\_\_, \_\_\_, 129 S. Ct. 1937, 1949 (2009) (emphasis added) (internal citations omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *Id.*[1]  The Court may also anticipate affirmative defenses that clearly appear on the face of the complaint. *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Nasim v. Warden, Md. House of Correction*, 64 F.3d 951, 954 (4th Cir. 1995)(en banc).

For the reasons that follow, the complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it fails to state a claim on which relief may be granted.

It is apparent from the face of the complaint that Plaintiff is attempting to undermine his convictions in this Court for mail fraud, theft of health care funds and attempted tax evasion [1:05CR265-1]. A plaintiff in a civil rights action is not permitted to do this without first showing that his convictions have been reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or, finally, called into question by a federal court through the issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S.

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read *Erickson* to undermine *Twombly*'s requirement that a pleading contain more than labels and conclusions," *Giarratano v. Johnson*, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying *Twombly* standard in dismissing pro se complaint). *Accord Atherton v. District of Columbia Off. of Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting *Erickson*, 551 U.S. at 94, and *Iqbal*, 129 S. Ct. at 1950, respectively)), *cert. denied*, ___ U.S. ___, 130 S. Ct. 2064 (2010), *and cert. denied*, ___ U.S. ___, 130 S. Ct. 3275 (2010).

477 (1994). This applies to FTCA actions as well. *Erlin v. United States*, 364 F.3d 1127 (9th Cir. 2004); *Parris v. United States*, 45 F.3d 383 (10th Cir. 1995); *Echols v. Dwyer*, 914 F. Supp. 325 (E.D.Mo. 1996). Plaintiff's convictions in this Court remain very much valid. Dismissal is proper for this reason alone.

Plaintiff has also not sued a proper defendant. As noted above, he has named the Court as a defendant, but all of his allegations relate to alleged misrepresentation or malpractice by the Federal Public Defender who represented him. Plaintiff cannot sue the Court for the conduct of his attorney. Nor can he sue his attorney. Public defenders share immunity for their part in the judicial process. *See Sullivan v. United States*, 21 F.3d 198, 203 (7th Cir. 1994)(a plaintiff may not directly sue the public defender--his sole remedy is a Federal Tort Claims Act action against the United States). Plaintiff's complaint against should be also dismissed for this additional reason.[2]

Plaintiff has not paid the filing fee for this action or submitted a request to proceed *in forma pauperis*. However, *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

---

[2] While the United States could be substituted as a party respondent for the public defender, Plaintiff has neither shown, nor alleged, that he has exhausted his administrative remedies. *Sullivan v. United States*, 21 F.3d 198, 203 (7th Cir. 1994). Consequently, even if the United States were substituted, this complaint would be subject to dismissal for lack of subject matter jurisdiction. It would also remain subject to dismissal because Plaintiff is attempting to undermine his criminal convictions.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

**IT IS RECOMMENDED** that this action be dismissed pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: August 26, 2011