FILED SEP 7 - 2011 IN THIS OFFICE Clerk U.S. District Court Greensboro, N.C.

9-5-11

Magistrate Judge Trevor Sharp

This is Steven E. Edwards as the Plaintiff response to Magistrate Judge Recommendation dated 8-26-11.

In a response to Page 2 to 28 U.S.C. § 1915 (A)(b)(1) the Plaintiff complaint does contain proven factual matter under oath in the Defendants Reply that should be accepted as true to state a claim to relief that is plausible on its face'" because the 28 U.S.C. § 2255 Reply was dated February 6th 2008 that was done by an attorney John Burlon that proves in October 2005 before the Plaintiffs Plea Agreement settlement Eric Plache that was appointed by the United States District Court was told by John Burlon that the Plaintiff needs to be evaluated. Eric Plache was also told by Barbara Harris that Steven E. Edwards needs evaluated. Legally the United States Court must get defendant evaluated do to a severe brain damage. Especially since Eric Plache was told in October 2005 Steven E. Edwards wasn't normal do to a severe accident that occurred on August 29th, 2004.

The plaintiff believes the defendent must prove that the plaintiffs complaints isn't truthful and proven in order to dismiss this lawsuit that been created by the Plaintiff. As the tenet that a court must accept as true all the allegations contained in this complaint is applicable to legal conclusions. All the Plaintiffs allegations has been proven in the Grand Jury Indictment and Presentence Investigation Report not just supported by mere

conclusory statements and do suffice adequately. The court absolutely has know affirmative defenses that clearly appear on the face of the complaint or proof the allegations are not truthful.

According to the District Courts the complaint should be dismissed pursuant to 28 U.S.C. § 1915 because the complaint facts to states a claim on which relief may be granted. The Plaintiffs response to this paragraph in it all has been proven in the District Courts Presentence Investigation Report, Plea Agreement Settlement, Grand Jury Indictment and Judgment in a Criminal Case Docket in the Plaintiffs documents that are done by the District Court.

Paragraph One and two on Page 4 and 5 of the Federal Tort Claim Act filed on August 11st, 2011 proves legally Eric Placke and Judge Osteen should have had Steven E. Edwards evaluated prior to Steven E. Edwards Plea Agreement Settlement on February 21st, 2006. In Eric Plackes affidavit that was completed on November 21st, 2007 he admitts that the District Court Judge Osteen and Eric Placke showed proof the Plaintiff wasn't normal because Eric Placke gave all the Plaintiffs answers through the Plaintiff that the District Judge Osteen asked or questioned to the Plaintiff. The Judge Osteen absolutely knew the attorney Eric Placke was answering every question or answer through the Plaintiff that the Judge Osteen was mentioning in the Court. The Plaintiff never accepted or agreed to the charges and convictions personally, Eric Placke ded accept and agreed to the Plaintiffs charges and convictions through the Plaintiff.

Paragraph three on Page five can be proven simply by requiring a subpoen on Eric Plache and ask him if any evidence was ever given or provided to the Plaintiff before the Plaintiff's Plea Agreement Settlement was done on February 21st, 2006.

Pargraph four Page five is proven in Eric Plache's November 21st, 2007 affidavid.

Paragraph five and six on Page five is proven in Eric Plache's November 21st, 2007 affidavid.

Paragraph seven on Page 6 is proven in Eric Plache's affidavid definitely proves what the District Court gave to Steven E. Edwards for sentencing was done illegally and incorrectly.

Paragraph eight on Page 6. Its proven in Eric Plache's affidavid what the District Court for restitution in Count 8 is perjury and fraud because of absolutely know evidence was provided or explained to Steven E. Edwards by the District Court or terminated prosecutor.

Paragraph nine on Page six. Its proven in Government document records the District Court should have went by the Government law and go by what the Government Bankruptcy Court had already done to the Magna Corporation, The Fidelity Group and Plaintiff. The Bankruptcy Court cleared the Plaintiff and granted Magna Corporation and Fidelity Group there Bankruptcys. Its proven if the Plaintiff would have stole any money from any company or anybody the Bankruptcy Court wouldn't have granted Magna Corporation and Fidelity Groups

Bankruptcy filings prior to the Plaintiff's Grand Jury Indictment on July 26st, 2005. This information alone proves the District Court should have never charged him with Counts 8, 14 and 18 or convicted the Plaintiff on Counts 8, 14 and 18. because the Bankruptcy Court proved Steven E. Edwards is innocent of anything thats related to Magna Corporation and Fidelity Group.

Paragraph 11 on Page 6. is proven in the Plea Agreement Settlement and Presentence Investigation Report.

The Magistrate Judge on Page 3 of the Order and recommendation quotes it is apparent from the face of the complaint that Plaintiff is attempting to undermine the Plaintiffs convictions in this Court for Mail Fraud, Theft of Health Care Funds and attempted Tax Evasion. The Plaintiff's convictions should be reversed because of the 60(B)(C) thats still active and its the District Courts job to correct what they have already done to Steven E. Edwards wrongfully or illegally according to the District Courts documents thats included with this response.

Alone this lawsuit should be active and not dismissed because of the active involvement and January 30th, 2012 Tax Court Trial that Steven E. Edwards has been awarded by a Tax Court Judge.

Attached documents and affidavits will prove everthing Steven E. Edwards included in the Lawsuit against the United States District Court should be accepted and admitted by the District Court Middle District of North Carolina.

1. A copy of a page of a response by an attorney John Burton that proves Eric Plache and the District Court was informed Steven E. Edwards should be evaluated prior to Steven E. Edwards Plea Agreement Settlement.

2. A copy of the Presentance Investigation Report that proves Steven E. Edwards restitution should be dismissed or at least reduced.

3. A copy of the IRS Audit that proves Steven E. Edwards doesn't owe the amount the District Court added to Count 8.

4. A Copy of the Grand Jury Indictments Counts 8, 14 and 18 that proves Steven E. Edwards Counts 8, 14 and 18 should be dismissed. Because everything in Counts 8, 14 and 18 comes from Count 1 Paragraphs 1 through 30 that was dismissed.

5. A copy of the affidavit by Eric Plache that proves alot of Steven E. Edwards allegations against the District Court is correct.

Because of these documents and affidavits alone the Plaintiffs convictions should be dismissed. The convictions alone shouldn't be valid because

of the Count One Paragraphs one through thirty dismissal. Also the approved and accepted grant the Magna Corporation and Fidelity Group received from the Governments Bankruptcy Court proves the Plaintiff shouldn't have been charged or convicted on Counts 8, 14 and 18. What I'm also sending you a copy of what Steven E. Edwards just sent to the District Court in a response to the District Courts response. They all needs to be included and added to Steven E. Edwards lawsuit against the District Court

Sincerely,
Steven E. Edwards
14975031

Copy

Magistrate Judge Trevor Sharp                    Aug 2011

    This is Steven E. Edwards the petitioner's response to Magistrate Judge Trevor Sharp's Recommendation and Order of United States Magistrate Judge. Steven E. Edwards isn't and doesn't want to be attacking his conviction or sentence, the petitioner is seeking to remedy a defect in the collateral review process or other non-merit aspect of the ruling. Also, the petitioner is seeking to get Counts 8, 14 and 18 corrected. Count 8 should be dismissed because the petitioner didn't receive the overnight package that's described in the Grand Jury Indictment; Magna Corporation did receive the package. Count 14 should be dismissed because the petitioner didn't receive the overnight package that's described in the Grand Jury Indictment; Tim Martin, Magna Corporation and The Fidelity Group did receive the package. Count 18 should be dismissed because the petitioner didn't receive the overnight package, The Fidelity Group did receive the package and the only two people that was authorized to handle all of The Fidelity Groups Health Care Benefit Program's money was Bob Storey and Tim Martin. Bob Storey was also the only person that could approve the Health Care Benefit Program the Fidelity Group had from or about January 1, 2000 until on or about April 30, 2001 Bob Storey did approve the Health Care Benefit Program the Fidelity Group had from January 1, 2000 to April 30, 2001. This alone means Bob Storey is liable for the Fidelity Groups Health Care Benefit

Program, not the petitioner. Another reason alone the Counts 8, 14 and 18 should be dismissed is because all the information thats included and written in Counts 8, 14 and 18 in the Grand Jury Indictment came from Count One Paragraphs one through thirty. Which was done illegally because Count One Paragraphs one through thirty was dismissed by the District Court Middle District of North Carolina. The petitioner didn't get to evaluate the Presentence Investigation Report and approve it for 10 days prior to sentencing. Another reason Counts 8, 14 and 18 should have never been charged or convicted against the petitioner is because Magna Corporation and The Fidelity Group declared Bankruptcy prior to the petitioners Grand Jury Indictment and was granted prior than the July 2005 Grand Jury Indictment. The Government Appointed Attorney to represent the petitioner wasn't qualified to represent the petitioner in regard to the petitioners charges and convictions. Because the IRS Audit alone proves the petitioner only owes $1,054,142 in Tax evasion. Which the petitioner has appealed. But what the District Court has added from the Presentence Investigation Report to Count 8 for Tax Evasion was $2,105,820 which is alot more than $1,054,142. Which proves the petitioners restitution should be decreased by at least $1,051,678. One other big issue the petitioner is

trying to get acrossed to the District Court Middle District of North Carolina is the Presentance Investigation Report is supposely 100% correct. If that is correct the Presentance Investigation Report in writing on Page 18 and 19, Paragraphs 81 and 82 say's the District Court has collected $6,548,299.73 from the petitioner and has put in writing on Page 20 Paragraph 93 the petitioner owe, a restitution of $4,565,477.70. The petitioner believes that proves the District Court owes the petitioner $1,982,822.03. All of this information should be an amendment to Fed. R. Civ. P. 60(b) and (c) Motion that the petitioner has already filed in August 2011. For proof and discovered evidence the petitioner request the District Court Middle District of North Carolina to do a subpoena ducers tecum from the year 2000 and 2001 from the Bank of America the Fidelity Group bank accounts existed to prove who was authorized and controlled the Fidelity Groups Bank Accounts. This information will prove Count 18 should be dismissed because the petitioner wasn't authorized or in control of the Fidelity Groups Bank Accounts anywhere.

Sincerely,
Steven E. Edwards
14975031